Appeal of **L. ORANSKY.**                    Docket No. **2061.**

> *Held,* that an expenditure in 1921 under the facts in this appeal
> is not deductible as a loss from other casualty under section 214
> (a) (6) of the Revenue Act of 1921.

Submitted May 6, 1925; decided May 26, 1925.

*Walter C. Barton, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before MARQUETTE and MORRIS.

This appeal is from the determination of a deficiency in income
taxes for the year 1921 amounting to $978.28, and raises the ques-
tion of the deductibility of certain expenditures made in that year.
From the pleadings and stipulation the Board makes the following

### FINDINGS OF FACT.

The taxpayer is a resident of the State of Iowa and his principal
place of business is at Des Moines, Iowa. On April 14, 1920, Sid-
ney Oransky, his minor son, accidently ran down and killed Gene-
vieve Bolender, while driving an automobile owned by the tax-
payer. At the time of the accident he was not engaged in the
trade or business of the taxpayer and the automobile was not being
used in connection therewith.

Under the laws of the State of Iowa the taxpayer is legally
responsible for the negligent acts of his minor son. On or about
June 22, 1920, an action was instituted in the District Court of
Polk County, Iowa, by Elizabeth Meyers, administratrix of the
estate of Genevieve Bolender, deceased, against the taxpayer, his
minor son, Sidney Oransky, O. P. Durocher, and Fred Riley, for
damages against said defendants in the sum of $50,668.35, on account
of alleged wrongful negligence and unlawful conduct of said de-
fendants. Fred Riley and O. P. Durocher were made parties de-
fendant to the suit for the alleged reason that at the time of the
accident Fred Riley, with the consent and acquiescence of O. P.
Durocher, was negligently driving an automobile owned by the
latter, abreast of and in close proximity to the automobile being
driven by the taxpayer's minor son. The taxpayer was insured by
the Southern Surety Company, under a policy containing public
liability coverage in the amount of $10,000. Upon the advice of
counsel the case was settled out of court for $6,650.00. The in-
surance company disclaimed liability under the policy, but com-
promised with the taxpayer and paid $3,000, and the taxpayer paid
the balance, namely, $3,650, to the administratrix of the estate of
Genevieve Bolender, deceased. In addition to this amount the tax-
payer paid $38.10 as costs and $1,975.65 as attorney's fees in con-
nection with said suit.

Said payments aggregating $5,663.75 were made by the taxpayer in 1921 and he took a deduction for that amount in his income-tax return for the calendar year 1921, claiming the same as a loss from other casualty. The Commissioner disallowed said deduction and determined the deficiency hereinabove stated, from which the taxpayer takes this appeal.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

MORRIS: In the *Appeal of Fred J. Hughes*, 1 B. T. A. 944, we held that the rule of *ejusdem generis* is applicable in the construction of the words " other casualty " as used in section 214 (a) (6) of the Revenue Act of 1918. As the taxpayer is claiming a deduction in this appeal under an identical provision of the Revenue Act of 1921, and the casualty was not of a character similar to a fire, storm, or a shipwreck, that decision is controlling in this appeal.